UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

RAUL BAEZ,                                           :

                Petitioner,        :

          - v -                                    :   **MEMORANDUM DECISION**

H. TELLEZ, Warden,                             :   21-CV-04760 (DC)
Metropolitan Detention Center Brooklyn,
                                              :

                Respondent.
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

APPEARANCES:       RAUL BAEZ
                            Petitioner *Pro Se*
                            BOP Register Number 71515-050
                            Metropolitan Detention Center
                            Brooklyn, NY 11232

                            BREON PEACE, Esq.
                            United States Attorney
                            Eastern District of New York
                            By:    Victor Alejandro Zapana, Jr., Esq.
                                    Assistant U.S. Attorney
                            271-A Cadman Plaza East
                            Brooklyn, NY 11201
                                  Attorney for Respondent

CHIN, Circuit Judge:

          On August 20, 2021, petitioner Raul Baez -- then an inmate at the

Metropolitan Detention Center (the "MDC") in Brooklyn, New York -- commenced this

action against respondent MDC Warden H. Tellez by filing, *pro se*, a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition").

For the reasons set forth below, the Petition is dismissed.

### *BACKGROUND*

On August 21, 2018, Baez pleaded guilty in the District of New Jersey to one count of possessing with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). *See* Plea Agreement at 1, *United States v. Baez*, No. 2:18-CR-490 (KM) (D.N.J. filed Aug. 21, 2018), Dkt. 20. On April 10, 2019, Baez was sentenced to 48 months' imprisonment, followed by a three-year term of supervised release. *See* Judgment at 2-3, *United States v. Baez*, No. 2:18-CR-490 (KM) (D.N.J. filed Apr. 10, 2019), Dkt. 25.

On August 16, 2021, Baez filed the Petition in the Eastern District of New York. *See* Dkt. 1. At that time, Baez was serving his sentence at the MDC. The Petition challenged the execution of his sentence, arguing that Respondent deprived him of at least 150 days of earned time credits, to which he was entitled under the First Step Act of 2018 (the "First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194 (codified in scattered sections of 18 U.S.C.). *See* Dkt. 1-2 at 3. Baez requested either immediate release from the MDC or an order directing the Federal Bureau of Prisons ("BOP") to modify his record to reflect the additional earned time credits. Dkt. 1 at 8.

On October 27, 2021, the Government submitted a letter opposing the Petition. Dkt. 6. In its letter, the Government argued that Baez's claim for relief was unexhausted, in addition to being meritless. *Id.* The Government also noted that, according to BOP records, Baez was scheduled for release on September 9, 2022. *Id.* at 2.

On November 15, 2021, Baez timely replied to the Government's opposition. Dkt. 8. Since then, the fully briefed Petition has remained pending.

On January 13, 2022, Baez was released from BOP custody, roughly eight months before his scheduled release date. *See* https://www.bop.gov/inmateloc/ (last visited Feb. 14, 2023). Baez is still serving his three-year term of supervised release.

On January 18, 2023, the case was reassigned to the undersigned. On January 25, 2023, in light of Baez's release from the MDC, the Court asked the parties to provide "any information regarding whether Baez's claims for habeas relief have since been resolved, or are otherwise moot, and whether there is any outstanding issue for the Court to adjudicate." Dkt. 9. The Government replied on January 27, 2023, asserting that because Baez is no longer housed at the MDC, his "petition seeking release from the MDC or adjustment of earned time credits is moot." Dkt. 10. Baez has not responded.

The Court now addresses whether the Petition is in fact moot.

## DISCUSSION

"A writ of habeas corpus under § 2241 is available to a federal prisoner who does not challenge the legality of his sentence, but challenges instead its execution

3

subsequent to his conviction." *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (citations omitted).  A prisoner in federal custody or awaiting trial for a violation of federal law may seek a writ of habeas corpus.  *See* 28 U.S.C. § 2241(c)(1)-(3).

Article III, § 2 of the United States Constitution requires the existence of an actual case or controversy through all stages of federal judicial proceedings.  A case becomes moot when "the relief sought can no longer be given or is no longer needed." *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983); *see also Mitts v. Strada*, No. 12-CV-5538 (RRM), 2013 WL 764739, at *2 (E.D.N.Y. Feb. 28, 2013) (dismissing a § 2241 petition as moot where the petitioner "has obtained the relief he originally sought" and accordingly, the Court could not "provide any further relief that remedies the wrong of which he complains").  "[I]f an event occurs during the course of the proceedings or an appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, [the court] . . . must dismiss the case" as moot.  *United States v. Blackburn*, 461 F.3d 259, 261 (2d Cir. 2006) (citation and internal quotation marks omitted); *see also Geddes v. Lindsay*, No. 07-CV-5054 (NGG), 2008 WL 2620129, at *3 (E.D.N.Y. July 1, 2008) ("[A] motion under section 2241 is moot if a change in the petitioner's conditions of imprisonment precludes the district court from providing any 'effectual relief.'" (quoting *Levine v. Apker*, 455 F.3d 71, 76 (2d Cir. 2006))).

A petition for habeas corpus relief does not necessarily become moot when the petitioner is released from prison.  *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998);

4

*accord Levine*, 455 F.3d at 76-77.  Rather, the matter will remain a live case or controversy if there remains "some concrete and continuing injury" despite the release, or, in cases where the petitioner challenges the conviction itself, if a "collateral consequence" will result from the conviction.  *Spencer*, 523 U.S. at 7.  Because Baez does not challenge his conviction but instead challenges the execution of his sentence for imprisonment, the Petition is moot unless there remains a "concrete and continuing injury."

Although Baez was in federal custody at the MDC when he filed the Petition, he has since been released, and his sentence of imprisonment has fully expired.  The Petition sought only injunctive relief -- either immediate release from the MDC, or, in the alternative, modification of his record to account for additional earned time credits that would shorten the length of his imprisonment.  Thus, because Baez's release from MDC means that he has already received the relief he requested, *see Martin-Trigona*, 702 F.2d at 386; *Mitts*, 2013 WL 764739, at *2, there is no longer a live case or controversy for which any relief could be granted, and dismissal of the Petition is proper, *see Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008) (dismissing petitioner's § 2241 challenge to the conditions of his confinement as moot because he was no longer imprisoned).

Accordingly, because the relief Baez sought "can no longer be given or is no longer needed," *Martin-Trigona*, 702 F.2d at 386, the Petition is moot and must be

dismissed for lack of jurisdiction, *see Coston v. U.S. Att'y Gen.*, No. 13-CV-4440 (PKC), 2018 WL 1221120, at *4 (E.D.N.Y. Mar. 8, 2018).[1]

## CONCLUSION

For the reasons set forth above, Baez's request for relief under 28 U.S.C. § 2241 is denied as moot, and the Petition is dismissed. I certify, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal taken from this decision and order would not be taken in good faith.

The Clerk of the Court shall enter judgment accordingly and close this case. The Government is directed to forward a copy of this memorandum decision and the judgment to Baez, whose address is known to the Government through his probation officer.

SO ORDERED.

Dated:   New York, New York
         February 15, 2023

*[signature]*

DENNY CHIN
United States Circuit Judge
Sitting By Designation

---

[1] That Baez remains on supervised release at this time is of no moment, as his Petition did not seek any modification of his term of supervision. Thus, there is no possibility that a reduced term of supervised release could be imposed if I were to reach the merits of the Petition. *See United States v. Williams*, 475 F.3d 468, 479 (2d Cir. 2007) (ruling that a sentencing appeal was moot because the appellant had been "release[d] from prison" and the district court could not "impose a reduced term of supervised release"); *cf. Levine*, 455 F.3d at 76-77 (holding that petitioner's appeal from the denial of his § 2241 habeas petition challenging a BOP regulation was not rendered moot by his release because on remand, the district court could modify the length of his supervised release).